**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0600n.06

**No. 08-6493**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 23, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) On Appeal from the United States |
| | ) District Court for the Western |
| PHILLIP SANCHEZ, | ) District of Tennessee |
| | ) |
| Defendant-Appellant. | ) |

Before:     BOGGS and CLAY, Circuit Judges; and TARNOW[*], District Judge.

BOGGS, Circuit Judge.   Phillip Sanchez was convicted by a jury of violating 18 U.S.C. § 2251, which criminalizes the production of child pornography.  On appeal, he asserts that the evidence was insufficient to convict him, that a certain evidentiary ruling rendered his trial fundamentally unfair, and that the district court committed errors in sentencing him to 360 months of imprisonment.  Because all of these challenges fail, we affirm.

**I**

Sanchez was indicted on February 28, 2008, and charged with using his daughter (who was twelve years old at the time of the incident) to produce child pornography.  Sanchez's daughter, T.S., testified during the jury trial that Sanchez had been sexually molesting her since she was in

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

kindergarten. She further testified that on the date of the incident, she was visiting her father at his house when he forced her to engage in sexual intercourse with him. According to T.S., Sanchez used the computer and a webcam to make a recording of the incident. Her family eventually became suspicious after Sanchez ordered T.S. to take a pregnancy test. T.S. told her mother, her half-brother, and her half-brother's father (Tom Carver) that Sanchez had been sexually abusing her. At that point, law enforcement became involved. T.S.'s testimony is the only evidence that Sanchez made a recording with her. According to other witnesses, the computer in question belonged to T.S.'s half-brother and was substantially modified before these allegations came to light, which meant that the hard drive had been wiped.

The government presented a great deal of other evidence. Tom Carver testified that he purchased the computer in Colorado and gave it to his son, T.S.'s half-brother. T.S. testified that the computer in the exhibit identified by Carver was the same one that Sanchez used to record her having sex with him. T.S. and her half-brother also testified that, when the family had lived in Illinois, Sanchez had forced her half-brother to engage in anal sex with T.S. while he watched them. Sanchez declined to take the stand in his own defense, and presented no evidence.

The jury found Sanchez guilty of the charged offense, and the district court sentenced him to a term of imprisonment of 360 months. Sanchez filed this timely appeal.

**II**

*Insufficiency of the Evidence*

"When reviewing an insufficient-evidence claim, this court must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). For the government to carry its burden in this case, the jury had to find Sanchez guilty beyond a reasonable doubt of the following elements: (1) T.S. was a minor at the time of the offense; (2) Sanchez employed, used, persuaded, or coerced her to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce. 18 U.S.C. § 2251(a).

Sanchez argues that the second and third elements of the crime were not proven—that is, that the government failed to offer sufficient proof that the sexual act was committed "for the purpose of producing a visual depiction . . . or that such visual depiction was ever, indeed, produced." Appellant's Br. at 15. Sanchez's argument seems to rely on an assertion that "there is no proof in the record that the computer or the webcam was in any way hooked up to the internet or that the computer had internet connectivity at the time of the incident." Appellant's Br. at 15. He also points to some testimony that the webcam would take pictures without being hooked up to the computer.

These arguments are unavailing. There is ample proof from T.S.'s testimony that a visual depiction was made. "We are bound to make all reasonable inferences and credibility choices in support of the jury's verdict." *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990). T.S. testified that the webcam was used, that Sanchez "press[ed] the record button," and that he was moving the camera around. This testimony is sufficient to allow a reasonable jury to conclude that Sanchez was creating a video of the sexual act. There is also sufficient evidence that he committed

the act for the purpose of making the depiction. According to the testimony of T.S., Sanchez told her that she would be famous.

As for Sanchez's argument regarding the internet, this point was belabored during the actual trial and is ultimately irrelevant. Rather, the key inquiry is whether Sanchez used means of producing the visual depiction that were transported in interstate commerce. *See United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010). T.S. stated unequivocally, and multiple times, that Sanchez used a family computer to record the sex act. Although she admitted to a prior equivocal statement on cross-examination, this is fundamentally a matter of credibility. It is undisputed that the computer in question was purchased in Colorado. Thus, the government presented evidence that established an interstate nexus.

*Evidentiary Ruling*

Sanchez also argues that the district court erred by allowing the introduction of evidence that he had previously been convicted of aggravated criminal sexual assault. The court also admitted evidence of the underlying conduct for that conviction—that he had forced his minor stepson to have anal sex with his daughter, T.S., while they lived in Illinois. This evidence was admitted pursuant to Federal Rule of Evidence 414, which states that evidence of "the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant" where the defendant is accused of "an offense of child molestation." The district court held the Illinois conviction clearly admissible under Rule 414, and

then admitted the evidence after balancing its probative value and prejudicial effect pursuant to Federal Rule of Evidence 403.

On appeal, Sanchez states, "that such a rule [414] deprives him of the Sixth Amendment right to a fair trial. While this Court did do a Rule 403 analysis of the Rule 414 evidence, the Defendant respectfully submits that the Court erred in admitting the evidence." Appellant's Br. at 17. He concludes this section of his brief with, "as applied in this case, the admission of this evidence pursuant to Rule 414 and Rule 403 deprived the Defendant of any opportunity to have a fair trial." Appellant's Br. at 18. It therefore appears that Sanchez brings an as-applied constitutional challenge to the admission of this evidence.

"If the prior acts of molestation were properly admitted under Rule 403, there can have been no as-applied constitutional violation." *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001). We review a challenge to the district court's Rule 403 ruling to admit certain evidence for an abuse of discretion, giving the evidence in question its maximum probative value and minimum prejudicial effect. *United States v. Logan*, 250 F.3d 350, 366, 368 (6th Cir. 2001).

Because the prejudicial effect of this particular evidence does not substantially outweigh the probative value, the evidence in this case was properly admitted. Despite Sanchez's argument that the Illinois conviction was irrelevant because he was on trial for a "'production' charge and not a rape or child assault type charge," Appellant's Br. at 17, the two crimes are sufficiently similar for the prior act to have probative value. *See United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006) ("Rules 413 and 414, enacted in 1995, were designed to 'protect the public from crimes of sexual violence' by permitting 'in sexual assault and child molestation cases . . . evidence that the

defendant has committed offenses *of the same type* on other occasions.'" (quoting 140 Cong. Rec. H8968, H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)) (emphasis added)). Importantly, this was not a receipt of child pornography charge, but a production charge. *Cf. United States v. Hough*, 385 F. App'x 535, 536-38 (6th Cir. 2010) (evidence of past molestation was properly excluded in a receipt of child pornography case). Therefore, the government had to prove as an essential element of the charge that Sanchez "employ[ed], use[d], induce[d], entice[d], or coerce[d]" T.S. to engage in "sexually explicit conduct." 18 U.S.C. § 2251(a). The fact that Sanchez had previously forced T.S., the same child alleging molestation in this case, to engage in sexually explicit conduct—indeed, sexual activity for his viewing enjoyment—makes the Illinois conviction very similar with regard to this element.

We recognize, of course, that this probative value must be weighed against the evidence's substantial prejudicial effect. The evidence in this case pertains to a truly deplorable act, and one with a likelihood of distracting the jury. However, Sanchez had already been convicted, so there was relatively little danger of a "mini-trial[, which] would inflame the jury, [and] confuse the jury." *Hough*, 385 F. App'x at 538. Further, we note that nearly all evidence admissible under Rule 414 will be highly prejudicial. "[T]he danger of unfair prejudice . . . presented by the unique stigma of child sexual abuse . . . is one that all propensity evidence in such trials presents." *United States v. Stout*, 509 F.3d 796, 802 (6th Cir. 2007) (quoting *United States v. LeCompte*, 131 F.3d 767, 770 (8th Cir. 1997)) (internal quotation marks omitted). If Rule 403 could be employed so easily to keep out instances of child molesting, Rule 414 would be effectively gutted. Categorical exclusions on this

kind of inflammatory propensity evidence are "precisely [what] Congress intended to overrule." *Ibid.*

Thus, although the evidence is highly prejudicial, it is not prejudicial enough to mandate exclusion when balanced against its substantial probative value. The district court therefore acted within its discretion in admitting this evidence and no constitutional violation occurred.

*Sentencing Enhancement*

Sanchez also challenges his sentence, claiming that the district court erroneously used a prior Illinois conviction in order to trigger a statutory minimum sentence. To avoid confusion, we note that Sanchez has two Illinois convictions—the one discussed above for forcing his stepson to engage in anal sex with T.S., and one from 2002 for aggravated sexual abuse of a victim who was then 15. Only the 2002 conviction is at issue here.

We conclude, as the district court did, that the Illinois conviction should trigger the mandatory minimum sentence. At the time of the offense, the governing statute read:

> but if such person has one prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), *or under the laws of any State relating to the sexual exploitation of children*, such person shall be fined under this title and imprisoned for not less than 25 years . . . .

18 U.S.C. § 2251(e) (2004) (emphasis added). The offense conduct for Sanchez's 2002 conviction was that he fondled the breasts of his 15-year-old co-worker while working in a fast food restaurant. Sanchez does not contest the age of his victim and makes only one argument on appeal: that the facts

of his Illinois conviction are not "of the nature and type" that would typically trigger the enhancement. Appellant's Br. at 19.

In making this argument, Sanchez asks us to narrow radically the category of qualifying state offenses. He points out that § 2251, the child pornography statute under which he was convicted, is actually entitled "sexual exploitation of children" and "[i]n no sense did the acts prohibited by 18 U.S.C. § 2251 describe the Defendant's activity upon which his Illinois conviction is based." Appellant's Br. at 20. This argument fails. Section 2251(e) ensures that a broad range of prior federal convictions will qualify—not merely other convictions under § 2251, but also convictions under "[chapter 110], chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice)." 18 U.S.C. § 2251(e). It is implausible that Congress intended to include so many prior federal offenses, but chose to restrict qualifying state offenses to child pornography production. *See United States v. Smith*, 367 F.3d 748, 750-51 (8th Cir. 2004) (rejecting an argument that "sexual exploitation of children" refers only to child pornography and visual depictions of molestation); *United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004) (same). We therefore reject Sanchez's argument and hold that the district court properly determined that the Illinois conviction related to the "sexual exploitation of children."

Sanchez also argues that "sexual exploitation of a child" under Illinois law is a misdemeanor for first-time offenders. Not only is this argument irrelevant, but it fails on its own terms. Even if the state's classification mattered, Sanchez pled guilty to aggravated criminal sexual abuse, which is (and was in 2001) a Class 2 felony. 720 ILCS 5/12-16(g). For these reasons, the district court correctly counted Sanchez's 2002 conviction to trigger the mandatory 25-year sentence.

*Reasonableness of Sentence*

Finally, Sanchez challenges his above-Guidelines sentence of 360 months as substantively unreasonable. We review this claim for abuse of discretion. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Although there is a presumption that within-Guidelines sentences are substantively reasonable, there is no converse presumption that sentences outside the Guidelines range are unreasonable. *Id.* at 473-74. We have held that a sentence is substantively unreasonable if "the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *Id.* at 474.

Sanchez was sentenced to 360 months, well above his initial Guidelines range of 235-293 months. However, because of the statutory mandatory minimum, the district court was bound to sentence Sanchez to at least 300 months in prison. His Guidelines sentence thereby became 300 months, USSG § 5G1.1(b), and he now challenges the district court's decision to sentence him to five years above that mandatory minimum. The district court noted that Congress considers the production of child pornography an extremely serious offense, and commented that Sanchez's case was even "more serious, more tragic, more horrific," because the victim was Sanchez's daughter and because he abused her constantly from the time she was in kindergarten. The district court commented on how many sexual exploitation cases it had overseen, and noted that of "all of those cases, I know of no case where a defendant has abused a child for a long[er] period of time than this case." The district court also noted that Sanchez had sexually abused another minor outside of his family and had failed to register as a sex offender. The court considered at some length the defense's

mitigating evidence: that Sanchez had a miserable childhood; that he was himself the victim of abuse; that he was unloved and uncared for from his infancy; that he became dependent on drugs at a young age; and that he was capable of gainful employment. The district court also commented, however, that Sanchez had sexually abused a co-worker during one period of employment and that, in the court's view, Sanchez showed no real remorse for his actions. The court also touched on the need to protect the public "based on his attitude toward the case, based on his criminal history, based on the consistency of the criminal history, based on the nature of the crime, based on the relevant conduct that was ongoing for many years."

In view of the district court's careful consideration, we conclude that no abuse of discretion occurred. The district court did not pick the sentence arbitrarily, but after a thorough weighing of the aggravating and mitigating factors. The court rejected the government's request that Sanchez be sentenced to the statutory maximum term (50 years), saying that such a punishment "would be excessive, considering the record as a whole." Nor was the sentence grounded on impermissible considerations. The court weighed the need to deter, the need to protect the public, and the particularly heinous factors unique to this case. Sanchez argues that the court was unduly preoccupied with the fact that the victim was Sanchez's daughter, but it appears that the court was far more appalled by the repetitious nature of Sanchez's conduct. The district court affirmatively recognized that Sanchez's status as a parent was already accounted for in the Guidelines. The district court noted however, that "the Guidelines don't get at . . . the ongoing nature of the related offenses." The fact that Sanchez was molesting a child so often, and over such a long period of time, naturally influenced the district court's perception of his likelihood of recidivism, the impact on the victim,

and what sentence would provide adequate deterrence. We can ask no more of a district court; the sentence is not substantively unreasonable.

### III

The government provided sufficient evidence upon which the jury could convict Sanchez of the charged crime, the evidence of Sanchez forcing T.S. and her half-brother to engage in sexual activity was properly admitted under Rules 414 and 403, and Sanchez's sentence was properly computed and not substantively unreasonable. We therefore AFFIRM the judgment and sentence of the district court.