**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4886**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DOUGLAS LEE EBERSBACH,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:10-cr-00388-WO-1)

Submitted:  May 4, 2012        Decided:  May 17, 2012

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Lee Ebersbach appeals his convictions and sentence after he was found guilty of violating 18 U.S.C. § 2251(a), (e), 18 U.S.C. § 2252(a), (b), and 18 U.S.C. § 2252(a)(5)(B), (b)(2) (2006) and sentenced to 360 months' imprisonment. We affirm.

Ebersbach first argues that the introduction of three non-pornographic images found in his home after a consensual search was prejudicial and impermissible under Fed. R. Evid. 404(b) (2010). We disagree. Rule 404(b) prohibits the use of evidence of an uncharged act to prove a person's character in conformity with such character on a particular occasion, but provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible only if the court determines it is necessary, reliable, and relevant to some issue other than the defendant's character. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). The evidence's probative value cannot be substantially outweighed by its danger of unfair prejudice. Id. Because the three photographs found in Ebersbach's residence matched digital images found on Ebersbach's computer, the physical photographs were relevant to show Ebersbach's ownership and control of the

2

computer. Further, because the images were not pornographic, the risk of prejudice was minimal considering the subsequent, and proper, introduction of numerous pornographic images that formed the basis of the indictment.

Ebersbach next challenges the district court's denial of his Fed. R. Crim. P. 29 motion. This court reviews the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal punctuation and citations omitted). Contrary to Ebersbach's assertions, the jury was presented with ample evidence from which they could find him guilty of the charged crimes. Numerous law enforcement officers testified as to Ebersbach's ownership of the computers and digital files in question. An expert testified that the images in question were child pornography. The minor female, who was the subject of the child pornography production count, testified that Ebersbach took pornographic photographs of her, asked her to take pornographic photos of herself, and shared pornographic images of himself with her. We conclude that the district court

3

properly denied Ebersbach's Rule 29 motion and that the evidence is sufficient to uphold the verdict.

Finally, Ebersbach challenges the substantive reasonableness of his 360-month sentence.[*] This court reviews a sentence applying the abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); <u>United States v. Lynn</u>, 592 F.3d 572, 575 (4th Cir. 2010). This court presumes on appeal that a sentence within the properly-calculated Guidelines range is substantively reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007). The 360-month sentence was within the appropriately-calculated Guidelines range and Ebersbach offers no reason why his within-range sentence is unreasonable. Because he has not rebutted the presumption of reasonableness, we conclude that the sentence is substantively reasonable.

Accordingly, we affirm Ebersbach's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Ebersbach does not challenge the procedural reasonableness of his sentence.