United States v. Robert Joubert        CR-12-142-JL 10/28/13    P

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 12-cr-142-JL
                                       Opinion No. 2013 DNH 143P
Robert Joubert


**MEMORANDUM ORDER**

In advance of his jury trial on three counts of sexual exploitation of children, see 18 U.S.C. § 2251(a), and one count of possession of child pornography, see 18 U.S.C. § 2252A(a)(5), defendant Robert Joubert has filed a motion in limine seeking the court's rulings on the admissibility of certain evidence.  See L. Cr. R. 12.1(c).  Specifically, Joubert asks the court to exclude from the prosecution's case-in-chief evidence (a) of his sexual misconduct with minors other than "John Doe #2," the alleged victim of the crimes with which Joubert is charged; and (b) that he took non-pornographic videos and photographs of children "engaged in sports or other outdoor activities."[1]  After

---

[1] Joubert's motion also seeks to exclude several other items of evidence, including evidence that Joubert misrepresented his professional sports experience, evidence of Joubert's character for truthfulness, evidence of Joubert's relationships with women other than the mother of "John Doe #2," and images of Joubert taken at the Merrimack County jail.  In its response to the motion, the prosecution represents that it does not intend to introduce that evidence.  The court therefore does not rule on the admissibility of that evidence, and will not do so unless the

reviewing the parties' submissions and hearing oral argument, the court rules on the motion in limine as set forth below.

## I. Sexual misconduct with other minors

Joubert first moves to exclude evidence that he "engaged in sexual misconduct or other inappropriate behavior with any minor child" other than "John Doe #2," the alleged victim of the crimes with which he is charged. While acknowledging that "Rule 414(a) of the Federal Rules of Evidence permits admission in a child molestation case of evidence that the defendant molested any other child," Joubert argues that the court should nonetheless exclude such evidence under Rule 403 because any probative value it has "is substantially outweighed by the risk that [Joubert] would be unfairly prejudiced by the jury improperly considering that evidence to show propensity to molest minors." Rule 414(a), however, contemplates that the jury will use the evidence for exactly that purpose, so any prejudice to Joubert from its introduction cannot be characterized as unfair. Joubert's motion is therefore denied (with one exception discussed below) insofar as it seeks to exclude such evidence.

prosecution seeks to introduce it at trial (notwithstanding any representation to the contrary, which may affect the court's admissibility ruling) and the defendant objects.

2

Ordinarily, the Federal Rules of Evidence prohibit a party from using a person's prior acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In other words, the rules prohibit the prosecution from introducing "evidence that is extrinsic to the crime charged" solely "for the purpose of showing villainous propensity." United States v. Rozkowski, 700 F.3d 50, 56 (1st Cir. 2012). Rule 414(a), however, provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation" and that this "evidence may be considered on any matter to which it is relevant." This rule "supersede[s] Rule 404(b)'s prohibition on evidence of like conduct showing propensity in [molestation] cases." Martinez v. Cui, 608 F.3d 54, 59 (1st Cir. 2010); see also United States v. Stokes, 726 F.3d 880, 896 (7th Cir. 2013) (Rule 414 "overrid[es] the propensity bar" in Rule 404); United States v. Davis, 624 F.3d 508, 511-12 (2d Cir. 2010) (Rule 414 "is an exception to the usual proscription against admission of prior crimes" to show propensity).

Yet Rule 414(a) does not permit the introduction of any and all evidence of other acts of child molestation in a molestation prosecution. The rule remains subject to scrutiny under Rule

3

403, which permits the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Cui, 608 F.3d at 60; United States v. Majeroni, No. 13-cr-37, 2013 WL 4852317, *1 (D. Me. Sept. 10, 2013). In seeking exclusion of evidence of his alleged molestation of children other than "John Doe #2," Joubert invokes this principle. He argues that there is a significant danger of unfair prejudice because the jury may "draw the improper inference that evidence of uncharged sex acts against other minors shows that he committed the acts charged," i.e., that the jury will consider evidence of other acts of molestation by him "to show propensity to molest minors."

Although, as noted at the beginning of this section, Joubert pays lip service to Rule 414(a), this argument ignores that rule entirely. As just discussed, Rule 414(a) explicitly permits the jury to infer from a defendant's prior acts of molestation that he was more likely to have committed the act of molestation of which he stands accused. In fact, the Court of Appeals has instructed the district courts of this circuit to keep in mind the fact that Rule 414 "reflects a congressional judgment to remove the propensity bar to admissibility of certain evidence"

4

when applying Rule 403 to Rule 414 evidence. Cui, 608 F.3d at 59. So there is nothing improper or unfair about the jury drawing the inference that Joubert has a propensity to molest children from evidence of other, uncharged acts of molestation. See United States v. Bentley, 561 F.3d 803, 815 (8th Cir. 2009) ("Because propensity evidence is admissible under Rule 414, the fact that evidence of prior acts suggests a propensity to molest children is not <u>unfair</u> prejudice.") (emphasis in original; internal quotations omitted). Stated plainly, Rule 414 evidence "cannot be excluded under Rule 403 simply because it tends to show that the defendant has a propensity to commit a sex offense."[2] United States v. Loughry, 660 F.3d 965, 970 (7th Cir. 2011).

To be sure, there may be other reasons that the probative value of evidence that a defendant committed other acts of child molestation is substantially outweighed by one of the concerns identified in Rule 403. The probative value of evidence of some acts may be diminished because those acts are dissimilar to, or distant in time from, the acts of which the defendant is accused. Some acts may present a risk of unfair prejudice because they are

---

[2]This also pulls the rug out from under Joubert's argument that evidence of other acts of molestation must have "special relevance," apart from its tendency to show the defendant's propensity, to be admissible under Rule 414.

5

even more abhorrent in nature than the acts charged in the indictment. If the other acts are numerous, evidence of them may be needlessly cumulative (although, arguably, a greater number of other acts demonstrates a greater propensity to commit such acts).

Joubert's motion, however, does not argue that these factors--or any other factors that take the other acts of child molestation the government might seek to introduce outside Rule 414 's heartland--are present in this case. And, based upon the prosecution's description of the evidence it intends to offer regarding those other acts, no such factors are present. The other acts, which primarily involve the defendant being manually stimulated by the victims--all young boys between the ages of 7 and 13 who were in Joubert's care at the time--are quite similar to the acts of which Joubert presently stands accused, and are neither so numerous nor so abhorrent in nature (at least in a relative sense) as to present a risk of unfair prejudice or "piling on." While the earliest acts occurred in 1984--some 18 to 19 years before the acts charged in the indictment--that alone does not warrant their exclusion. See Majeroni, 2013 WL 4852317 at *2 (noting that "[o]ther courts have overruled Rule 403 objections for similar prior convictions when the convictions were up to twenty years old"; citing cases).

6

Joubert does argue that, because "[s]exual misconduct toward minor children evokes understandable outrage," evidence that he committed other acts of child molestation presents a danger of unfair prejudice, wholly apart from its tendency to show propensity, as it "is highly likely to inflame a jury and prompt it 'to render a verdict on an improper emotional basis.'" Mot. in Limine (document no. 35) at 7 (quoting United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)). The obvious flaw in that argument is that, given the subject-matter involved, "nearly all evidence admissible under Rule 414 will be highly prejudicial," so, "[i]f Rule 403 could be employed so easily to keep out instances of child molesting, Rule 414 would be effectively gutted." United States v. Sanchez, 440 Fed. Appx. 436, 439-40 (6th Cir. 2011). While, as noted, specific instances of molestation may be so likely to inflame the jury that their exclusion under Rule 403 is warranted, exclusion of all instances of molestation simply because the subject-matter in general may be disturbing would be contrary to Rule 414. See id.

Joubert's motion in limine is therefore denied insofar as it seeks to exclude any evidence that Joubert molested children other than "John Doe #2." This ruling, however, does not mean that the prosecution is free to present all of the evidence it has identified in its responses to Joubert's motion. Rule 414

7

removes Rule 404(b)(1)'s propensity bar only for other acts of "child molestation," a term specifically defined in Rule 414(d)(2).[3]  The lion's share of the evidence the prosecution has identified meets that definition (indeed, Joubert himself has not argued that the other instances of "inappropriate behavior" he seeks to exclude fail to meet Rule 414(d)(2)'s definition).  The prosecution has also indicated, though, that it intends to present the testimony of "K.H.," who will testify that Joubert asked him "on several occasions" if they could sleep or shower together, and that "[o]n one occasion when sleeping at the defendant's house, [he] awoke to find the defendant sucking on [his] toe."  As unusual (and unsettling) as this conduct may be, it does not appear to fall within the definition set forth in the

---

[3] Rule 414 (d)(2) defines "child molestation" as

a crime under federal law or under state law . . . involving:

(A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;

(B) any conduct prohibited by 18 U.S.C. chapter 110;

(C) contact between any part of the defendant's body--or an object--and a child's genitals or anus;

(D) contact between the defendant's genitals or anus and any part of a child's body;

(E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or

(F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

rule. Thus, insofar as it seeks to preclude evidence of that conduct, Joubert's motion is granted.[4]

## II. __Non-pornographic videos and photographs__

Joubert also seeks to exclude "evidence that he photographed or video recorded children engaged in sports or other outdoor activities." His motion does not clearly specify the grounds on which this request is premised, but Joubert appears to argue that this evidence should be excluded under Federal Rule of Evidence 403 because it is "marginally relevant to the pending charges" and would both "prejudice [his] due process right to a fair trial" and "distract the jury." The motion also makes passing reference to Rule 404(b), suggesting an argument that the evidence in question constitutes improper propensity evidence. Neither argument succeeds.

As already noted, Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a

---

[4]At oral argument on Joubert's motion, the prosecution argued that K.H.'s testimony, although inadmissible under Rule 414, could be admitted under Rule 404(b)(2), which permits evidence of a defendant's prior acts to be used for purposes other than showing the defendant's propensity. This argument, however, was absent from the prosecution's memoranda in response to Joubert's motion, and is therefore waived. See United States v. Giggey, 551 F.3d 27, 36-37 (1st Cir. 2008) ("Except in extraordinary circumstances, arguments not raised in a party's initial brief and instead raised for the first time at oral argument are considered waived.").

person's character in order to show that on a particular occasion the person acted in accordance with the character." The court assumes, <u>dubitante</u>, that evidence of the type that Joubert seeks to exclude would normally be inadmissible under Rule 404(b)(1). Rule 404(b)(2) nonetheless permits such evidence to be used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Evidence that Joubert produced non-pornographic videos or photographs of children falls into at least one of these categories. According to the prosecution's proffer, the alleged victim, "John Doe #2," was a frequent subject of these videos and photographs, and one of the videos focuses on another shirtless young boy playing soccer, zooming in on the boy's naked torso and waistline. This evidence tends to demonstrate that Joubert had a prurient interest in young boys, and a fixation on "John Doe #2" in particular. It thus provides a motive for the acts of which Joubert stands accused, and may establish his intent to commit those acts. Cf. <u>Idaho v. Byington</u>, 977 P.2d 211, 217-18 (Idaho App. 1998) (evidence that defendant had "a substantial quantity of magazines, catalogs, and books" depicting young girls was probative of his "preoccupation and attraction toward female children," and thus of his intent, in prosecution for child

10

sexual abuse), aff'd, 977 P.2d 203 (Idaho 1999); Bolles v. Texas, No. 07-08-0304-CR, 2010 WL 539684, at *4-5 (Tex. App. Feb. 16, 2010) (evidence that defendant had non-pornographic photographs of children "were highly probative of the fact that [he] had a fascination or preoccupation with children," and thus of his intent, in prosecution for possession of child pornography).

Even though evidence is admissible under Rule 404(b), a court may exclude it pursuant to Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." But that is not the case here. The court cannot agree with Joubert's assertion that admission of non-pornographic videos and photographs would distract the jury or result in unfair prejudice, particularly where the prosecution will introduce the pornographic images that form the basis of the charges against him. See United States v. Ebersbach, 489 Fed. Appx. 635, 636 (4th Cir. 2012) ("[B]ecause the images were not pornographic, the risk of prejudice was minimal considering the subsequent, and proper, introduction of numerous pornographic images that formed the basis of the indictment."); Bolles, 2010 WL 539684, at *5 (evidence of defendant's possession of non-pornographic photographs of children "did not distract the jury

11

from their main inquiry" or "create a situation where the jury would give undue credence to this evidence" because such evidence "was much less graphic and disturbing than the pictures for which he was indicted"). Joubert's motion to exclude this evidence is therefore denied.

## III. Conclusion

For the reasons set forth above, Joubert's motion in limine[5] is GRANTED IN PART and DENIED IN PART. The prosecution shall not present, in its case-in-chief, the testimony from K.H. described in Part I supra. The motion is denied insofar as it seeks to exclude evidence of Joubert's molestation of other minors and evidence that Joubert took non-pornographic videos or photographs of children. These rulings, of course, are subject to reconsideration in light of developments at trial.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: October 28, 2013

cc: Helen W. Fitzgibbon, AUSA
    Bjorn R. Lange, Esq.

---

[5]Document no. 35.