
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-30377 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00173-LRS-1 |
| v. | |
| **CAVON C. CLARK,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Senior District Judge, Presiding

Argued and Submitted April 8, 2014
Submission Vacated February 9, 2015
Resubmitted July 20, 2016
Seattle, Washington

Before:     **KOZINSKI**, **RAWLINSON** and **BEA**, Circuit Judges.

The district court erred in determining whether Clark's convictions under

Washington law "relat[ed] to the sexual exploitation of children."  18 U.S.C. §

2251(e).  The government argues that the court used the categorical approach to

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

find that Clark's convictions under a Washington statute qualified as predicate offenses under § 2251(e). But the court didn't restrict its analysis to the elements of the crime, as required by the categorical approach. It specifically looked to the "conduct that occurred" in the case as well as statements contained in the judgment and sentence. And the government concedes that any use of the modified categorical approach was error because the Washington statute is not divisible.

Further, the district court did not have the benefit of recent decisions analyzing whether convictions under state law "relat[e] to" a federal offense. 18 U.S.C. § 2251(e); see Mellouli v. Lynch, 135 S. Ct. 1980, 1990–91 (2015) (interpreting "relating to" language in 8 U.S.C. § 1227(a)(2)(B)(i)); United States v. Sullivan, 797 F.3d 623, 640–41 (9th Cir. 2015) (interpreting "relating to" language for the single prior conviction enhancement in § 2251(e)).

Accordingly, we **VACATE** Clark's sentence and **REMAND** so that the district court may apply the teachings of Mellouli and Sullivan in the first instance.

*United States v. Clark*, No. 12-30377

BEA, Circuit Judge, dissenting:

Cavon Clark pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(b), and transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1). At sentencing, the district court found that Clark had two prior state-law convictions "relating to the sexual exploitation of children," because, in 2005, he had pleaded guilty to two counts of "knowingly possess[ing] visual or printed matter depicting a minor engaged in sexually explicit conduct." Wash. Rev. Code § 9.68A.070 (2005). The district court thus ruled that the multiple-conviction sentence enhancement in 18 U.S.C. § 2251(e) applied and that § 2251(e) mandated a minimum sentence of 35 years' imprisonment.

I agree with the majority that the district court misapplied the categorical approach when it determined that Clark's prior convictions[1] "relat[e] to the sexual exploitation of children" for the reasons stated in the majority's decision. However,

---

[1] Clark pleaded guilty to a two-count information; the counts charged Clark with violating Wash. Rev. Code § 9.68A.070 (2005) on two dates eight months apart. He argues that the two counts should collectively constitute a single conviction for purposes of 18 U.S.C. § 2251(e). I agree with the district court that each count qualifies as a separate conviction, because each count arose from a separate "criminal episode." *See United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993); *see also Deal v. United States*, 508 U.S. 129, 131–34 (1993).

1

we are perfectly capable of rectifying this error,[2] because Wash. Rev. Code § 9.68A.070 (2005) does categorically "relat[e] to the sexual exploitation of children." *See United States v. Quintero–Junco*, 754 F.3d 746, 752–53 (9th Cir. 2014).

We have not yet defined the federal generic crime of "sexual exploitation of children," but, at a minimum, it must mean using a minor in a pornographic photo, video, or live performance. For example, Black's Law Dictionary defines "sexual exploitation" as "[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity." Washington state law defines the crime "sexual exploitation of a minor" to include "compel[ling] a minor . . . to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance." Wash. Rev. Code § 9.68A.040(1)(a). The federal statute titled "sexual exploitation of children" criminalizes, among other things, "us[ing] . . . any minor to engage in . . . sexually explicit conduct for the purpose of

---

[2] The only question that we have to answer is whether Wash. Rev. Code § 9.68A.070 (2005) is categorically a state law "relating to the sexual exploitation of children." This is a legal question that we can answer without further input from the district court. *See, e.g.*, *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015). Were further factfinding required, I would agree with the majority that we should remand this case to the district court.

producing any visual depiction of such conduct." 18 U.S.C. § 2251(a).[3]

Although possession of child pornography may not itself be a categorical match to the federal generic crime of sexual exploitation of children, the multiple-conviction sentence enhancement applies when a defendant has two prior convictions "*relating to* the sexual exploitation of children." 18 U.S.C. § 2251(e) (emphasis added). "[T]he phrase 'relating to' does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to [sexual exploitation of children]. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense." *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015) (internal quotation marks and citation omitted), *cert. denied*, 136 S. Ct. 2408 (2016). In my view, possession of child pornography "stands in some relation, bears upon, or is associated with" using children in pornography. *See Osborne v. Ohio*, 495 U.S. 103, 110–11 (1990) (permitting states to "proscribe the possession and viewing of child pornography" in part because "it is now difficult, if not impossible, to solve the child pornography problem by only attacking production and distribution"; "encouraging the destruction of these materials is . . . desirable because evidence

---

[3] *See also United States v. Pavulak*, 700 F.3d 651, 673–75 (3d Cir. 2012); *United States v. Sanchez*, 440 F. App'x 436, 440 (6th Cir. 2011) (citing cases).

3

suggests that pedophiles use child pornography to seduce other children into sexual activity"); *United States v. Adams*, 343 F.3d 1024, 1032–34 (9th Cir. 2003) (upholding the federal ban on possessing child pornography because even wholly intrastate possession of child pornography affects the national market for such pornography, and a ban on possession attacks the production and distribution of child pornography).[4]

I would thus hold that Clark's prior possession-of-child-pornography convictions categorically "relat[e] to the sexual exploitation of children" and would affirm the district court's decision. I therefore respectfully dissent.

---

[4] I recognize that the Supreme Court has "cautioned that courts may not extend these terms ['relating to'] 'to the furthest stretch of [their] indeterminacy' where language and historical context tug 'in favor of a narrower reading.'" *Sullivan*, 797 F.3d at 638 (second alteration in original) (quoting *Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015)). However, I see nothing in the "language and historical context" of 18 U.S.C. § 2251(e) that would give me pause in finding that possession of child pornography "relat[es] to the sexual exploitation of children."