**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0530n.06

Case No. 17-4251

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 24, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JAMES D. SULLIVAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. The district court denied Defendant James Sullivan's motion to suppress, motion in limine, and motion to withdraw his guilty plea. It then varied upward from the advisory Guidelines range and sentenced Sullivan to twenty years in prison. Sullivan appeals each of those decisions. We AFFIRM.

**I.**

Sullivan served approximately thirty years for attempted rape and gross sexual imposition of four children. In 2014, he left prison a convicted sex offender. Less than a year later, a woman showering at a state park observed a camera protruding from a displaced ceiling tile and alerted the police; the Ohio State Highway Patrol identified Sullivan as a suspect. Trooper Eric Souders executed several search warrants that permitted him to obtain a DNA sample from Sullivan, search Sullivan's vehicle and apartment, and seize and search electronic devices found there.

The searches revealed that (1) Sullivan's DNA matched semen found on a ceiling tile in the attic above the state park shower, (2) Sullivan owned a camera matching the description given by the showering woman, and (3) a laptop found in Sullivan's apartment contained dozens of child pornography images.

A grand jury later charged Sullivan with knowingly accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a). Sullivan moved to suppress, challenging probable cause and particularity for the searches of his vehicle, apartment, and laptop. He also moved to exclude evidence of his prior child molestation offenses. At the final pretrial hearing, the district court heard oral argument and denied both of Sullivan's motions.

After the district court denied his motions, Sullivan agreed to plead guilty. A magistrate judge duly administered the plea proceedings, in which Sullivan pleaded guilty to Count One of the indictment—knowingly accessing with intent to view child pornography. Two months later, on July 3, 2017, the district court approved and filed the written plea agreement. On July 5, the district court adopted the magistrate's report without objection.

Over a week later, the district court received a letter from Sullivan, dated July 5, purporting to withdraw his guilty plea. The district court held a hearing and denied Sullivan's motion to withdraw the plea based on our decision in *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994).

At sentencing, the district court calculated an advisory Guidelines range of 135 to 168 months in prison, but varied upward and imposed the statutory maximum sentence of 240 months.

## II.

### A. Motion to suppress

When a district court denies a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). On appeal, Sullivan challenges two aspects of the district court's denial of his motion to suppress: (1) probable cause supporting the search warrants executed on his vehicle, apartment, and computer, and (2) the particularity of these warrants.

*Probable cause*

"[N]o [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. An affidavit demonstrates probable cause when it contains facts establishing "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 761 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d. 926, 930 (6th Cir. 1990)). This conclusion depends on the totality of the circumstances, a "practical, nontechnical conception" dealing with the "factual and practical considerations of everyday life." *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (quotations omitted).

The affidavits supporting the searches of Sullivan's apartment and vehicle overwhelmingly established probable cause to believe that Sullivan committed voyeurism, burglary, and possession of criminal tools. They stated that Sullivan's DNA profile matched semen found in the attic of the park shower, he had downloaded software and a user's manual for a camera matching the description given by the showering victim, he was a convicted sex offender, and when questioned, he admitted to visiting the county in which the park sits. These facts established a "fair probability" that investigators would find evidence related to the state park incident in Sullivan's vehicle and

apartment. *See Jenkins*, 396 F.3d at 761. Moreover, the file names uncovered by the preliminary analysis of Sullivan's laptop established a fair probability that additional evidence relating to child pornography would be found on the laptop. *See id.*

Sullivan cites a Third Circuit case for the argument that the sexually explicit file names found in relation to his laptop were insufficient to support probable cause for a search. *See United States v. Miknevich*, 638 F.3d 178, 185 (3rd Cir. 2011). But *Miknevich* says quite the opposite. It makes clear that a magistrate can determine probable cause by relying on a computer file's highly suggestive name without viewing its contents. *Id.* at 183–84. The file names discovered in the preliminary search of Sullivan's laptop here, such as one named "littlegirl uncensored porn," plainly satisfied this standard.

Sullivan makes much of the fact that Trooper Souders could not determine precisely when he left his semen in the attic of the state park shower, arguing that "at least some temporal reference point is necessary" to ascertain probable cause. *See United States v. Hython*, 443 F.3d 480, 486 (6th Cir. 2006). But the totality of the circumstances—Sullivan's semen on the ceiling tile, his ownership of a user's manual for a camera matching the one described by the victim, and his criminal past—made it reasonable to conclude that Sullivan was at the state park on or near July 18, and that evidence of criminal behavior would be found in his apartment and vehicle.

Finally, Sullivan challenges the nexus between the crime and the locations searched. But Trooper Souders attested that, based on his training and experience, digital images can be downloaded onto digital storage devices that individuals typically keep in their homes or vehicles. *See United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004) ("To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.'"). As for the search of Sullivan's laptop, the affidavit established that several child pornography files

were stored on a removable device connected to the laptop and that removable devices often leave remnants of transfers of child pornography files. *See id.* at 594–95. Thus, the district court properly concluded that probable cause supported each search warrant.

*Particularity*

As to particularity, Sullivan's arguments also fall short. "[I]tems to be seized pursuant to a search warrant must be described with particularity to prevent 'the seizure of one thing under a warrant describing another.'" *United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000) (quoting *Marron v. United States*, 275 U.S. 192, 196 (1927)). Nevertheless, "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988). "[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *Id.* (quoting *United States v. Blum*, 753 F.2d 999, 1001 (11th Cir. 1985)).

The search warrants for Sullivan's vehicle, apartment, and computer were all sufficiently particular. The warrants for the vehicle and apartment authorized seizure of equipment that could store digital photos taken at the state park, like digital cameras, CDs, DVDs, SD cards, thumb drives, and portable hard drives. At the time of their issuance, Souders only knew that the suspect used a digital camera and did not have any information about where the photos taken by the suspect might be stored. Because Souders could not have been any more specific in his descriptions of the equipment and storage devices, the descriptions in the warrants were proper. *See United States v. Blakeney*, 942 F.2d 1001, 1027 (6th Cir. 1991) ("When a more specific description of the items to be seized is unavailable, a general description will suffice."). The search of Sullivan's apartment yielded a Dell laptop, and a preliminary Secret Service analysis of the laptop revealed four sexually explicit file names referencing children. The search warrant for the laptop listed the four file names

and detailed descriptions of electronic materials—such as files, electronic records, and browsing history—related to the sexual exploitation of juveniles. Thus, the computer search warrant described the items sought with sufficient particularity.

Sullivan cites *Wheeler v. City of Lansing*, 660 F.3d 931 (6th Cir. 2011), to argue that the item descriptions in the apartment and vehicle warrants were overbroad. In *Wheeler*, we found a warrant overbroad because it failed to distinguish between stolen items and personal property. 660 F.3d at 941–42. In addition, the law enforcement officers in *Wheeler* knew specific information about the property, such as the brand names of stolen cameras, but failed to include that information in the warrant. *Id.* Neither problem plagues the warrants here because no stolen property was at issue and investigators did not hide known information. Because Trooper Souders knew only that the suspect may have used a digital camera at the state park, the digital storage devices listed in the warrants were as specific as possible under the circumstances.

Sullivan attacks the particularity of the laptop search warrant because it did not narrow the search to materials accessed within a specific timeframe. He points to *United States v. Lazar* for the proposition that a warrant must be limited to relevant dates. 604 F.3d 230, 238 (6th Cir. 2010). But the failure to specify a timeframe does not make this detailed warrant overbroad. *See United States v. Ford*, 184 F.3d 566, 578 (6th Cir. 1999) ("[E]ven though [portions of the warrant] do not contain a time limitation, their subject-matter limitation . . . fulfills the same function as a time limitation would have done, by limiting the warrant to evidence of the crimes described in the affidavit."). Here, as in *Ford*, the laptop warrant specified a subject-matter limitation sufficient to limit the warrant to evidence of the crimes described in the affidavit—namely, files related to child pornography.

The district court properly found that each warrant satisfied the particularity requirements of the Fourth Amendment. Because the search warrants were supported by probable cause and sufficiently particular, we need not apply *United States v. Leon*'s good faith exception. 468 U.S. 897 (1984). The district court therefore properly denied Sullivan's motion to suppress.

### B. Evidence of prior acts of child molestation

After the government notified the district court of its intent to offer evidence of Sullivan's prior child molestation under Rules 414 and 404(b) of the Federal Rules of Evidence, the court denied Sullivan's motion to exclude such evidence. The court found that both counts of the indictment alleged "child molestation" under Rule 414(d)(2)(B), making prior acts of child molestation available to show propensity. The court also deemed evidence of prior child molestation admissible under Rule 404(b) to prove intent, motive, and absence of mistake on both counts. Finally, the district court found the prior acts evidence prejudicial, but not unfairly so. Sullivan challenges each finding.

### *Rule 414*

Sullivan first argues that Rule 414 should not have applied to the second count of the indictment—production of child pornography—because it does not charge a child molestation offense. We review a district court's Rule 414 admission of prior acts of child molestation for abuse of discretion. *United States v. Underwood*, 859 F.3d 386, 393 (6th Cir. 2017).

Motivated by public policy, Rule 414 creates an exception to Rule 404(b)'s general ban on propensity evidence in child molestation cases. *See United States v. Seymour*, 468 F.3d 378, 384–85 (6th Cir. 2006). The rule applies "[i]n a criminal case in which a defendant is accused of child molestation." Fed. R. Evid. 414(a). Rule 414 defines "child molestation" to include attempted production of child pornography, as found in Count Two of Sullivan's indictment. Fed. R. Evid.

414(d)(2)(B). Thus, evidence of Sullivan's prior child molestation was admissible to show propensity. Sullivan disputes the factual basis of Count Two; this did not factor into the district court's admissibility determination because the indictment accuses Sullivan of "child molestation" under the statute.

Sullivan next argues that the district court failed to conduct a sufficiently thorough Rule 403 balancing of probative value with respect to the Rule 414 evidence. But "[i]f Rule 403 could be employed so easily to keep out instances of child molesting, Rule 414 would be effectively gutted." *United States v. Sanchez*, 440 F. App'x 436, 439–40 (6th Cir. 2011). Categorical exclusions of "inflammatory propensity evidence" are "precisely [what] Congress intended to overrule" by enacting Rule 414. *Id.* at 440 (alteration in original) (*quoting United States v. Stout*, 509 F.3d 796, 802 (6th Cir. 2007)). The district court thus correctly found Sullivan's prior acts not unfairly prejudicial.

### Rule 404(b)

Sullivan also challenges the admissibility of his prior acts of child molestation under Rule 404(b). Mirroring the district court's three-step analysis, "[w]e review for clear error the district court's factual determination that the other act occurred; we examine de novo the court's legal determination that evidence of the other act is admissible for a proper purpose; and we review for abuse of discretion the court's determination that the probative value of the evidence is not substantially outweighed by a risk of unfair prejudice." *United States v. Barnes*, 822 F.3d 914, 920–21 (6th Cir. 2016). Panels in this circuit have long debated the appropriate standard of review in cases of this nature. *See, e.g.*, *United States v. Williams*, 662 F. App'x 366, 374 (6th Cir. 2016) (collecting cases). But regardless of the applicable standard, if Sullivan's argument fails under the "tripartite" standard of review, it also fails the less-stringent abuse of discretion standard. *See*

*United States v. Clay*, 667 F.3d 689, 702–03 (6th Cir. 2012) (Kethledge, J., dissenting).  Indeed, other panels have determined that these two standards of review do not conflict.  *See, e.g.*, *United States v. Geisen*, 612 F.3d 471, 495 (6th Cir. 2010).

Rule 404 allows a district judge to admit prior acts evidence when it is introduced for a purpose other than to show character, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  A three-step process governs the admissibility of Rule 404(b) evidence:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred.  *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

First, Sullivan challenges the district court's determination that the prior acts occurred.  The government sought to introduce the testimony of four individuals who Sullivan sexually assaulted or attempted to assault as children, testimony of the Bay Village Police Department, and a document certifying Sullivan's prior convictions for sex-related crimes.  In his motion, Sullivan challenged the sufficiency of the evidence for certain offenses committed in October 1982, and an alleged admission to possession of child pornography made to the Bay Village Police.  At the motion hearing, the district court explained the first step of the 404(b) analysis and asked Sullivan if he "seriously disput[ed] that these prior offenses occurred."  Sullivan did not dispute the prior convictions.  The court went on to find the prior acts evidence admissible, implicitly deciding that the acts occurred.  *See United States v. Sandoval*, 460 F. App'x 552, 562 (6th Cir. 2012) (stating that a prior act finding "need not be express, but rather, may be implicit by virtue of the fact that the court admitted the evidence") (quoting *United States v. Matthews*, 440 F.3d 818, 828 (6th Cir.

2006)). On appeal, Sullivan argues that the government lacks proof of one victim's assault. But because Sullivan never seriously disputed the government's proffered evidence with regard to this victim until this appeal, the district court did not clearly err in determining that the prior acts occurred.

Second, Sullivan argues that the district court improperly found that his prior acts were probative of intent. Sullivan does not dispute that his intent materially affects the outcome in this case, but citing two Sixth Circuit drug cases, he argues that the prior acts were too dissimilar and remote to be probative. *See United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002); *United States v. Bell*, 516 F.3d 432, 443 (6th Cir. 2008). The district court did not err in finding Sullivan's prior acts probative of intent. Sullivan previously sexually abused children, broke into houses to commit sexual acts against children, and produced child pornography of some of these acts with a camera. These prior acts evince an intent to view and produce child pornography. Additionally, as Sullivan conceded at the hearing, Rule 404(b) does not contain a time limit. And even if Sullivan's prior acts were not probative of intent, Sullivan does not dispute the district court's finding that the acts were also admissible to show motive and absence of mistake.

Third, Sullivan argues that the district court abused its discretion in finding the prior acts evidence not unfairly prejudicial. Not so. As discussed above, the proffered evidence of Sullivan's previous child molestation was highly probative of Sullivan's motive and intent in committing the charged crimes. The prior acts evidence was prejudicial, but not unfairly so. *See, e.g.*, *United States v. LaVictor*, 848 F.3d 428, 448 (6th Cir. 2017); *Underwood*, 859 F.3d at 393–94 (Rule 414 evidence). As such, the district court did not abuse its "very broad" discretion in admitting the prior acts evidence. *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006).

### C. Motion to withdraw guilty plea

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses its discretion where 'it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" *Id.* (quoting *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998)).

After holding a hearing, the district court denied Sullivan's motion to withdraw his guilty plea. Sullivan first argues that he filed his motion to withdraw on the same day that the district court accepted his plea. He asserts that because his motion is dated July 5, the prison mailbox rule applies to permit his withdrawal "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). But even accepting that Sullivan mailed his motion on July 5, he submitted it two days after the district court approved and filed the plea agreement on July 3. As a result, the "any reason" standard does not come into play.

Sullivan next disputes the district court's conclusion that no "fair and just reason" existed to withdraw the plea. *See* Fed. R. Crim. P. 11(d)(2)(B). Withdrawal "is not an absolute right but is a matter within the broad discretion of the district court." *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978) (per curiam); *see also United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987). To prevail, the defendant must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A district court consults several factors to make this determination:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had

prior experience with the criminal justice system; and (7) potential prejudice to the
government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181.

The district court did not abuse its discretion in denying Sullivan's motion. It considered
each of the *Bashara* factors and concluded that every one of them weighed against withdrawal.
On appeal, Sullivan largely ignores the district court's *Bashara* factor analysis, instead arguing
that his plea was not knowing, voluntary, and intelligent because of circumstances surrounding the
plea. Despite Sullivan's current assertions otherwise, circumstances surrounding the plea
demonstrate that Sullivan knowingly and voluntarily entered it. For example, during the plea
colloquy, Sullivan stated under oath that he was satisfied with his attorney, understood the plea
agreement and potential sentence, voluntarily entered into the agreement, and had not been
pressured to plead guilty. He again affirmed as much when he signed the plea agreement itself.
Furthermore, as the district court pointed out in its written opinion, Sullivan waited over two
months to pen his withdrawal letter, has never squarely argued his innocence, is well-versed in the
criminal justice system, and would prejudice the government by revoking his plea. *See United
States v. Goddard*, 638 F.3d 490, 493–94 (6th Cir. 2011) ("[W]ithdrawal of guilty pleas is designed
'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to
allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain
a withdrawal if he believes that he made a bad choice in pleading guilty.'") (quoting *United States
v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

Sullivan also argues that the district court's bias and the absence of a factual basis for the
charges taint his plea. These arguments are unconvincing. Sullivan cites two of the district court's
statements from the motion hearing for the bias proposition. But Sullivan's citations are
misleading and part of a broader, balanced consideration of the issues. As to Sullivan's lack of

factual basis claim, it relies on a legal argument unrecognized by this court—that digital files are not covered by 18 U.S.C. § 2252A(a)(5)(B). *See, e.g.*, *United States v. Gray*, 641 F. App'x 462, 467–68 (6th Cir. 2016) (treating digital files as "material" sufficient to violate § 2252A(a)(5)(B)).

Accordingly, the district court did not abuse its discretion in denying Sullivan's motion to withdraw his guilty plea.

### D. Sentencing

We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure that the district court committed no procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* If the decision is procedurally sound, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.* A defendant's claim "that a sentence is substantively unreasonable is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Rather, a substantive unreasonableness claim is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* "[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness . . . [and] must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Sullivan's arguments about his sentence do not distinguish between procedure and substance. He first challenges the sufficiency of the district court's statement of reasons for his sentence. Review of the sentencing transcript confirms that the district judge considered Sullivan's history of reoffending whenever given the opportunity. Based on Sullivan's history, the court explained that it believed him likely to reoffend despite his age and reasoned that the interests of society mandated an upward variance. Sullivan also makes the bare assertion that the district court disproportionately weighed the seriousness of his offense and his criminal history. This argument "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," and is beyond the scope of our review. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Because the district court considered all the relevant sentencing factors and concluded that it could not trust Sullivan "back [in] society after 168 months," its twenty-year sentence is not substantively unreasonable. The court therefore did not abuse its discretion.

**III.**

We AFFIRM.