# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3626

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Gary Lee Smith, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: April 13, 2004

Filed: May 5, 2004

———————

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.

———————

PER CURIAM.

Gary Lee Smith, a commercial photographer, took sexually explicit photographs of a nude twelve-year-old girl. He later distributed the photographs over the Internet and by mail. The Government charged Smith with production of child pornography, interstate transportation of child pornography, and reproduction of child pornography for interstate distribution. See 18 U.S.C. §§ 2251(a), 2252(a)(1), 2252(a)(2). Smith retained counsel in May 2002. On the first day of Smith's bench

trial eleven months later, Smith asked the district court[*] for the first time to remove his attorney for ineffective assistance. Smith also requested a continuance. The court denied Smith's requests. At the conclusion of Smith's bench trial, Smith was convicted. Before sentencing, the Government filed a motion for an upward departure alleging Smith's criminal history was understated and his guideline calculation underestimated his risk of recidivism. After hearing the testimony of several witnesses at the sentencing hearing, the district court agreed. In a written statement of reasons for departing upward, the district court specified it added two criminal history levels because Smith's otherwise applicable criminal history category understates his past criminal conduct and his likelihood of re-offending. Thus, the district court increased Smith's criminal history category from II to IV. With a total offense level of 33, Smith's sentencing range was 188-235 months. The district court sentenced Smith to 235 months in prison.

Smith first contends the district court committed error in departing upward at sentencing. We review de novo whether the district court based its departure on a permissible factor, review the factual findings supporting the departure for clear error, and review the reasonableness of the departure for abuse of discretion. United States v. Long Turkey, 342 F.3d 856, 859-60 (8th Cir. 2003). In this case, the district court based its departure on a permissible factor. Section 4A1.3(a)(1) of the sentencing guidelines provides for upward departures when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Section 4A1.3(a)(2) specifies the types of information forming the basis for an upward departure, including earlier sentences not used in computing the criminal history category and earlier similar adult criminal conduct not resulting in a criminal conviction. At the sentencing hearing, Government witnesses

---

[*]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

testified about Smith's production and attempted production of child pornography involving victims other than the trial victim, both before and after the trial victim's ordeal. One of the other victims testified Smith took sexually explicit photographs of her when she was fifteen and tried to engage her in sexual activity. The victim was corroborated by the photographs Smith had taken of her. None of this conduct was taken into account in Smith's initial criminal history category. The district court did not commit clear error in crediting the victim's testimony and finding Smith engaged in the uncharged criminal conduct. Further, Smith had a conviction that was too old to be counted for criminal history purposes. Contrary to Smith's assertion, the district court adequately specified the reasons for the departure in its written statement of reasons attached to the judgment. See United States v. Aguilar-Lopez, 329 F.3d 960, 963 (8th Cir. 2003) (similar statement of reasons sufficient to allow review of departure decision). The district court did not abuse its discretion in departing upward two criminal history levels to account for the uncharged conduct.

Next, Smith contends his 1998 Arkansas conviction for first-degree sexual abuse, Ark. Code Ann. § 5-14-108 (Michie 1997), was not one relating to child exploitation, and thus did not trigger an enhanced statutory minimum sentence of fifteen years. Under the statute in effect at the time of Smith's conviction, 18 U.S.C. § 2251(d) (2000), the basic statutory minimum sentence was ten years, but if the defendant had one earlier conviction under certain federal laws or "under the laws of any State relating to the sexual exploitation of children," the statutory minimum sentence was fifteen years. Smith does not contest that his victim in the Arkansas case was fifteen years old. Likewise, Smith does not argue or cite authority for the proposition that the district court could not look behind the elements of his state offense to consider the age of his victim. Compare United States v. Galo, 239 F.3d 572, 582 (3d Cir. 2001) (district court may focus only on statutory definitions of earlier convictions in determining whether defendant is subject to § 2251(d) enhancement), with United States v. Rezin, 322 F.3d 443, 447-49 (7th Cir. 2003) (rejecting Galo and holding that when indictment and judgment, read in light of the

statute of conviction, do not deny some fact that is relevant to enhancement and the fact is uncontested or uncontestable, district court may use the fact–age of the victim–in deciding whether the defendant has an earlier conviction relating to abusive sexual conduct involving a minor warranting enhancement under § 2252(b)(2)).

Instead, Smith argues only that the term "sexual exploitation of children" is limited to pornography or criminal sexual conduct captured in visual depictions. We reject this argument. Although the term "sexual exploitation of children" is not defined in the statute, the term unambiguously refers to any criminal sexual conduct with a child. By its very nature, any criminal sexual conduct with a child takes advantage of, or exploits, a child sexually. The conduct need not be photographed to qualify. In addition, the federal crimes specified in § 2251(d) as triggering the enhancement are not limited to offenses involving pornography or visual depictions. Accordingly, we conclude the district court properly applied the § 2251(d) enhancement to Smith.

Last, the district court did not abuse its discretion in denying Smith's last-minute request for a new attorney and a continuance from trial. See United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002); United States v. Yockel, 320 F.3d 818, 827 (8th Cir. 2003). Any claims of ineffective assistance are better addressed in collateral proceedings, rather than on direct appeal. United States v. Pherigo, 327 F.3d 690, 696 (8th Cir. 2003).

We thus affirm Smith's conviction and sentence.

_____