# United States Court of Appeals
## For the First Circuit

No. 22-1190

UNITED STATES,

Appellee,

v.

JORDAN WINCZUK,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

Christine DeMaso, Assistant Federal Public Defender, for appellant.
Randall E. Kromm, Assistant United States Attorney, with whom Rachael S. Rollins, United States Attorney, was on brief, for appellee.

May 2, 2023

**LYNCH**, **Circuit Judge**.  Jordan Winczuk pleaded guilty on October 27, 2021, to one count of attempted sexual exploitation of a minor, see 18 U.S.C. § 2251(a), (e), and one count of committing a felony involving a minor while required to register as a sex offender, see id. § 2260A.  The district court sentenced him to 45 years of imprisonment.  This sentence was composed of a 35-year mandatory minimum on the § 2251 count based on two prior state convictions "relating to the sexual exploitation of children," id. § 2251(e), and a 10-year consecutive mandatory minimum on the § 2260A count.

On appeal, Winczuk agrees that § 2251(e)'s separate 25-year minimum and § 2260A's 10-year minimum both apply.  However, he argues that the district court erred in imposing § 2251(e)'s 35-year minimum because, he contends, the phrase "relating to the sexual exploitation of children" refers only to the production of child pornography.  We reject his arguments and affirm.  In doing so, we join the views of the Third, Fourth, Sixth, and Eighth Circuits.  See United States v. Pavulak, 700 F.3d 651, 673-75 (3d Cir. 2012); United States v. Mills, 850 F.3d 693, 696-99 (4th Cir. 2017); United States v. Sanchez, 440 F. App'x 436, 440 (6th Cir. 2011) (unpublished); United States v. Smith, 367 F.3d 748, 750-51 (8th Cir. 2004).

# I.

## A.

The facts underlying Winczuk's federal guilty plea are as follows. Because Winczuk pleaded guilty, "we draw the[se] facts from the plea colloquy, the unchallenged portions of the presentence investigation report, and the transcript of the sentencing hearing." United States v. De la Cruz, 998 F.3d 508, 509 (1st Cir. 2021) (quoting United States v. Padilla-Colón, 578 F.3d 23, 25 (1st Cir. 2009)).

In January 2018, Winczuk (then 34) began messaging an 11-year-old boy on Instagram, using the alias "Joey Carson." Winczuk began by grooming the boy, asking him about school and complimenting his appearance. Winczuk's messages became progressively more sexually explicit. He asked the child about erections and masturbation, then repeatedly requested that the child send pictures of his genitals. Winczuk proposed plans for the child to visit him and described in detail the sex acts he would perform on the boy.

About two weeks after Winczuk began messaging the child, the child's mother became aware of the messages. She posed as her son and continued the conversation. She elicited identifying information from Winczuk, including his real name, a picture of his driver's license, and pictures of his face and tattoos. She then provided this information to the Worcester Police Department,

which was able to identify Winczuk. On executing a search warrant at Winczuk's New Jersey apartment, officers found multiple internet-capable phones, including one tied to the "Joey Carson" Instagram account. A search warrant for the contents of this account revealed evidence that Winczuk had engaged in similarly explicit conversations with other social media users who appeared to be children.

At the time he was sentenced in this case, Winczuk had two prior state convictions in New Jersey for sex offenses involving minors. In 2008, he was charged in a 28-count indictment with sexually assaulting four minors, several of them during a sleepover when he was serving as the babysitter. He pleaded guilty in 2010 to one count of sexual assault on a person between the ages of 13 and 15 by a defendant at least four years older, in violation of N.J. Stat. Ann. § 2C:14-2c(4) (West 2008).

In 2009, while Winczuk was on release pending resolution of the 2008 charges, he was charged with file sharing child pornography. He pleaded guilty in 2010 to one count of endangering the welfare of a child by file sharing child pornography, in violation of N.J. Stat. Ann. § 2C:24-4b(5)(a) (West 2009).

A New Jersey state court sentenced Winczuk to concurrent 5-year sentences for these two offenses and to lifetime parole supervision. The convictions each triggered a requirement that Winczuk register as a sex offender in New Jersey. As a condition

of his parole, Winczuk was prohibited from possessing internet-capable devices and from contacting minors.

**B.**

On April 4, 2019, a federal grand jury returned an indictment charging Winczuk with one count of attempted sexual exploitation of a minor, see 18 U.S.C. § 2251(a), (e), and one count of committing a felony involving a minor while required to register as a sex offender, see id. § 2260A. Winczuk pleaded guilty to both counts on October 27, 2021.[1]

At sentencing, Winczuk argued that § 2251(e)'s 35-year mandatory minimum did not apply on the theory that the phrase "relating to the sexual exploitation of children" means only the production of child pornography. He also cited to a Ninth Circuit decision, United States v. Schopp, 938 F.3d 1053 (9th Cir. 2019), in support of his position. The district court rejected this argument and applied the 35-year minimum, for a total sentence of 45 years.

This timely appeal followed.

**II.**

The sole question presented in this appeal concerns the interpretation of the phrase "relating to the sexual exploitation

---

[1] Winczuk did not enter a plea agreement with the government.

- 5 -

of children" in § 2251(e).  We review this question of law de novo.

See United States v. Blodgett, 872 F.3d 66, 69 (1st Cir. 2017).

Section 2251(e) is § 2251's sentencing provision.  It

states, in relevant part:

> Any individual who violates, or attempts or
> conspires to violate, this section shall be
> fined under this title and imprisoned not less
> than 15 years nor more than 30 years, but if
> such person has one prior conviction under
> this chapter, section 1591, chapter 71,
> chapter 109A, or chapter 117, or under section
> 920 of title 10 (article 120 of the Uniform
> Code of Military Justice), or under the laws
> of any State relating to aggravated sexual
> abuse, sexual abuse, abusive sexual contact
> involving a minor or ward, or sex trafficking
> of children, or the production, possession,
> receipt, mailing, sale, distribution,
> shipment, or transportation of child
> pornography, such person shall be fined under
> this title and imprisoned for not less than 25
> years nor more than 50 years, but if such
> person has 2 or more prior convictions under
> this chapter, chapter 71, chapter 109A, or
> chapter 117, or under section 920 of title 10
> (article 120 of the Uniform Code of Military
> Justice), or under the laws of any State
> relating to the sexual exploitation of
> children, such person shall be fined under
> this title and imprisoned not less than 35
> years nor more than life.

18 U.S.C. § 2251(e) (emphasis added).  The provision contains a

baseline 15-year mandatory minimum, a higher 25-year minimum for

recidivists with one federal or state predicate conviction, and a

higher 35-year minimum for recidivists with two or more federal or

state predicate convictions.  See id.

- 6 -

As said, Winczuk argues that his two prior state convictions for sexual assault of a minor and file sharing child pornography do not trigger the 35-year minimum because "relating to the sexual exploitation of children" means only the production of child pornography.[2] The government's position is that "relating to the sexual exploitation of children" means any "conduct through which a person manipulates, or takes advantage of, a child to sexual ends" and so captures Winczuk's prior convictions. We conclude that the government has the better reading of the statute.

**A.**

In order to analyze the issue before us, we set forth the amendment history of both the substantive criminal prohibitions in § 2251 and § 2251(e)'s recidivist sentencing provision.

Section 2251 was originally enacted in 1978. See Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, § 2(a), 92 Stat. 7, 7 (1978). At that time, its penalty provision provided for a recidivist enhancement if a defendant had a prior conviction "under this section." Id. In

_____

[2] Winczuk implicitly concedes that his case is stronger as to the sexual assault conviction, presumably because even on his logic the conviction for file sharing child pornography could conceivably "relat[e] to" the production of child pornography. He emphasizes that the 35-year minimum is applicable only if both prior convictions meet the definition. See 18 U.S.C. § 2251(e) (predicating 35-year minimum on "2 or more prior convictions").

1986, Congress amended § 2251 to expand its substantive reach to, inter alia, advertising related to child pornography. See Child Sexual Abuse and Pornography Act of 1986, Pub. L. No. 99-628, §§ 1-3, 100 Stat. 3510, 3510. In 1994, Congress amended § 2251's penalty provision by expanding the predicates for the recidivist enhancement from prior convictions under "this section" to those under "this chapter or chapter 109A," the latter of which addresses sexual abuse. See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 160001, 108 Stat. 1796, 2037; 18 U.S.C. ch. 109A.

In 1996, Congress adopted § 2251's current two-step structure of recidivist minimums and broadened the list of predicates to include state convictions. See Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, div. A, tit. I, § 121(4), 110 Stat. 3009-26, 3009-30. The 1996 amendments introduced the language at issue here: both recidivist minimums were triggered where a defendant had (either one or two) prior convictions "under this chapter or chapter 109A, or under the laws of any State relating to the sexual exploitation of children." Id. (emphasis added). These amendments were accompanied by findings detailing Congress's concern with the close connection between child pornography and child sexual abuse. See id. § 121(1).

Congress later added even more federal predicates. See Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 201(c), 112 Stat. 2974, 2977 (adding convictions under "chapter 117"); PROTECT Act, Pub. L. No. 108-21, § 507, 117 Stat. 650, 683 (2003) (adding convictions under "chapter 71" and under "section 920 of title 10 (article 120 of the Uniform Code of Military Justice)"). The 2003 amendments were accompanied by congressional findings identifying "those who sexually exploit [children]" as "including both child molesters and child pornographers." PROTECT Act § 501(2).

While the statute stood in this form, two courts of appeals interpreted the phrase "relating to the sexual exploitation of children." In United States v. Randolph, 364 F.3d 118 (3d Cir. 2004), the Third Circuit rejected the argument that this was "a term of art relating exclusively to crimes involving the production of [child pornography]" and held that it encompassed child molestation. Id. at 122 (citing United States v. Galo, 239 F.3d 572, 581-83 (3d Cir. 2001)). And in United States v. Smith, the Eighth Circuit rejected the same argument and held that the term "unambiguously refers to any criminal sexual conduct with a child" because "[b]y its very nature, any criminal sexual conduct with a child takes advantage of, or exploits, [the] child sexually." 367 F.3d at 751. Thus, even before the next amendments further broadened the substantive reach of § 2251 and its

- 9 -

sentencing provisions, the phrase "relating to the sexual exploitation of children" was understood as not being limited to the production of child pornography.

Congress amended the penalty provision to its current form in the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"). See Pub. L. No. 109-248, § 206(b)(1), 120 Stat. 587, 613-14. In an amendment titled "[i]ncreased penalties for sexual offenses against children," Congress replaced the phrase "sexual exploitation of children" "the first place it appears" (i.e., the 25-year minimum) with the phrase "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."[3] Id. Congress did not amend the 35-year minimum, leaving the "relating to the sexual exploitation of children" language unchanged. See id. In a different section of this Act, Congress authorized additional funding to prosecute offenses "relating to the sexual exploitation of children." Id. § 704. Congress defined that term broadly, for purposes of the section, as including "any offense" committed in violation of 18 U.S.C. chs. 109B or 110, or of 18 U.S.C. chs. 71,

---

[3]    The Adam Walsh Act also amended the 25-year minimum by adding 18 U.S.C. § 1591, which addresses sex trafficking, as a federal predicate.  § 206(b)(1).

- 10 -

109A, or 117 involving a victim who is a minor, or of 18 U.S.C. § 1591. Id.

Later amendments further expanded § 2251's substantive scope. See Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110-358, § 103, 122 Stat. 4001, 4002-03 (2008) (clarifying types of covered transmissions); PROTECT Our Children Act of 2008, Pub. L. No. 110-401, § 301, 122 Stat. 4229, 4242 (prohibiting broadcast of live images of child abuse). The PROTECT Our Children Act of 2008 also defined "child exploitation," for purposes of the Act, as "any conduct, attempted conduct, or conspiracy to engage in conduct involving a minor that violates section 1591, chapter 109A, chapter 110, and chapter 117 of title 18, United States Code, or any sexual activity involving a minor for which any person can be charged with a criminal offense." § 2.

**B.**

Section 2251(e) "does not expressly define ['sexual exploitation of children,'] so we interpret that phrase using the normal tools of statutory interpretation." Esquivel-Quintana v. Sessions, 581 U.S. 385, 391 (2017); see also 18 U.S.C. § 2251; id. § 2256 (applicable definitions section).

We begin, as always, with the text of the statute. We interpret the phrase "sexual exploitation of children" according to its "plain meaning at the time of enactment." Tanzin v. Tanvir,

141 S. Ct. 486, 491 (2020); see also Sw. Airlines Co. v. Saxon, 142 S. Ct. 1783, 1788 (2022).

At the time this phrase was added to the statute in 1996, see Child Pornography Prevention Act of 1996 § 121(4), Black's Law Dictionary did not define "sexual exploitation," much less "sexual exploitation of children." Black's Law Dictionary did, however, define "exploitation" in relevant part as "[t]aking unjust advantage of another for one's own advantage or benefit." Exploitation, Black's Law Dictionary (6th ed. 1990). Contemporary non-legal dictionaries reflect a similar understanding of the term "exploitation." See Exploitation, Webster's Third New International Dictionary, Unabridged (1993) ("[A]n unjust or improper use of another person for one's own profit or advantage . . . ."); Exploitation, Oxford English Dictionary (2d ed. 1989) ("The action of turning to account for selfish purposes, using for one's own profit.").[4] These general definitions of

---

[4] Black's Law Dictionary also defined "exploitation" as the: "Act or process of exploiting, making use of, or working up. Utilization by application of industry, argument, or other means of turning to account, as the exploitation of a mine or a forest." Exploitation, Black's Law Dictionary (6th ed. 1990). Webster's also noted the use of the term to mean the "utilization of the labor power of another person without giving a just or equivalent return." Exploitation, Webster's Third New International Dictionary, Unabridged (1993). And the Oxford English Dictionary also defined the term, in relevant part, as "[t]he action of exploiting or turning to account; productive working or profitable management." Exploitation, Oxford English Dictionary (2d ed. 1989).

"exploitation" are not specifically geared to the special case of "sexual exploitation of children." However, Webster's definition as the "improper use of another person for one's own profit or advantage" does encompass children.

In a later but roughly contemporary definition of "sexual exploitation," Black's Law Dictionary defined that term as "[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity that has caused or could cause serious emotional injury." Sexual Exploitation, Black's Law Dictionary (8th ed. 2004). This definition goes well beyond the mere production of child pornography and specifically references child prostitution "or other sexually manipulative activity" using children. It reflects the special vulnerability of children and captures additional criminal sexual conduct involving children.

We reject Winczuk's argument that dictionary definitions of sexual exploitation "require not only that a sexual act occur, but that the act enrich or benefit 'the perpetrator beyond sexual gratification'" (quoting Schopp, 938 F.3d at 1062). The definitions we have just cited, including those addressed to the sexual exploitation of children, encompass all sexual uses of children. See Mills, 850 F.3d at 697 (canvassing dictionary definitions and concluding that this term means "to take advantage of children for selfish and sexual purposes"); Smith, 367 F.3d at 751 ("By its very nature, any criminal sexual conduct with a child

- 13 -

takes advantage of, or exploits, [the] child sexually."). We agree with the government that "[p]rohibitions on sexual acts with minors, even where purportedly consensual, rest on a recognition that the potential for manipulation or coercion is always present." We conclude that the plain text of "sexual exploitation of children" unambiguously refers to any criminal sexual conduct involving children.

The use of the language "relating to the sexual exploitation of children" further expands the breadth of this phrase. 18 U.S.C. § 2251(e) (emphasis added). "[W]hen asked to interpret statutory language including the phrase 'relating to,' . . . [the Supreme] Court has typically read the relevant text expansively." Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1760 (2018) (collecting cases); see also Silva v. Garland, 27 F.4th 95, 102-03 (1st Cir. 2022).

Our reading also draws support from statutory context. It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." King v. Burwell, 576 U.S. 473, 492 (2015) (quoting Util. Air Regul. Grp. v. E.P.A., 573 U.S. 302, 320 (2014)); see also Scalia & Garner, Reading Law: The Interpretation of Legal Texts 167 (2012). Here, the phrase "relating to the sexual exploitation of children" appears at the end of a list of federal predicates. These federal predicates

- 14 -

criminalize a broad range of sexual conduct related to minors. See, e.g., 18 U.S.C. § 2252 (criminalizing the distribution and possession of child pornography); id. § 2243 (chapter 109A provision criminalizing sexual abuse of a minor).[5] The breadth of these neighboring predicates makes Winczuk's narrow interpretation directly contrary to congressional intent. See Sanchez, 440 F. App'x at 440 ("It is implausible that Congress intended to include so many prior federal offenses, but chose to restrict qualifying state offenses to child pornography production."); see also Pavulak, 700 F.3d at 675 (similar).

Finally, the amendment history of the statute supports our reading. Several points from the above discussion of this history bear note. First, the state predicate trigger language in the 25- and 35-year minimums was not enacted simultaneously. The phrase "relating to the sexual exploitation of children," which is the phrase at issue, was added to both minimums in 1996. That phrase was judicially construed by every circuit which addressed the issue as not being limited to the production of child pornography. See Randolph, 364 F.3d at 122; Smith, 367 F.3d at 750-51; see also Ryan v. Gonzales, 568 U.S. 57, 66 (2013) ("We

---

[5]   As discussed above, Congress added additional federal predicates after the "relating to the sexual exploitation of children" language was enacted in 1996. But the list of federal predicates was already broad in 1996, encompassing any prior conviction under Code chapters 110 and 109A. See Child Pornography Prevention Act of 1996 § 121(4).

normally assume that, when Congress enacts statutes, it is aware of relevant judicial precedent." (quoting Merck & Co. v. Reynolds, 559 U.S. 633, 648 (2010))).  Ten years later, Congress replaced this phrase in the 25-year minimum but left the 35-year minimum unchanged.  Second, Congress has repeatedly amended § 2251 both to expand its substantive reach and to add additional predicates for the recidivist enhancements.  Congress has broadened the statute, not narrowed it.  Third, Congress has on multiple occasions defined "exploitation" (albeit not specifically for purposes of § 2251) as encompassing a broad range of criminal sexual conduct related to children.  See Adam Walsh Act § 704; PROTECT Our Children Act of 2008 § 2.

These additional indicators of statutory meaning reinforce our conclusion that the plain text of "relating to the sexual exploitation of children" unambiguously refers to any criminal sexual conduct involving children.  We join four other circuits in adopting a broad reading of this phrase.  See Mills, 850 F.3d at 696-99 (interpreting § 2251(e) post-2006 amendment); Pavulak, 700 F.3d at 673-75 (same); Sanchez, 440 F. App'x at 440 (interpreting § 2251(e) pre-2006 amendment); Smith, 367 F.3d at 750-51 (same).

## c.

Our prior analyses, employing the rules of statutory interpretation, dispose of Winczuk's arguments. But we add the following points as to why Winczuk's contrary arguments fail.

Winczuk relies heavily on the notion that the title of § 2251 operates to define the phrase "sexual exploitation of children." Section 2251 is titled "[s]exual exploitation of children." 18 U.S.C. § 2251. That title has been unchanged since § 2251's enactment in 1978. See Protection of Children Against Sexual Exploitation Act of 1977 § 2(a). The offenses criminalized by this section involve sexually explicit visual depictions of a minor -- i.e., child pornography. See, e.g., 18 U.S.C. § 2251(a) (criminalizing use of minor with intent that minor "engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct"); id. § 2251(b) (imposing liability on parent or guardian who knowingly permits minor to engage in same); id. § 2251(d)(1) (criminalizing advertising regarding same). Winczuk asserts that the section title is limited by the section's content to mean the production of child pornography, and that this also limits the meaning of "sexual exploitation of children" as that phrase is used in § 2251(e)'s recidivist penalty provision.

Winczuk's reliance on § 2251's title is misplaced. A title is not the same as a formal definitional section. It has

long been clear that section titles are "tools available" to "shed light on . . . ambiguous words[s] or phrase[s]," but they "cannot limit the plain meaning of the text." Bhd. of R.R. Trainmen v. Balt. & O. R. Co., 331 U.S. 519, 528-29 (1947); see also Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 212 (1998); Scalia & Garner, supra, at 221-24. "[S]exual exploitation of children" unambiguously extends beyond the production of child pornography to encompass other criminal sexual conduct involving children, and § 2251's title cannot limit this plain meaning.[6]

We also agree with the Fourth Circuit that the definition of "exploitation" in 18 U.S.C. § 3509, the very different child victims' and witnesses' rights statute, does not apply. See Mills, 850 F.3d at 699. Section 3509 defines "exploitation" as "child pornography or child prostitution." Id. § 3509(a)(6). As § 3509 itself says, that definition applies only to § 3509. Id. § 3509(a). We reject the argument that this separate statute bears on the meaning of § 2251(e). Cf. Erlenbaugh v. United States, 409 U.S. 239, 243-44 (1972) (discussing in pari materia canon of statutory construction). Section 3509 was enacted six years before

---

<div style="footnote">

[6]   Winczuk relies on Esquivel-Quintana, where the Supreme Court looked to the title of 18 U.S.C. § 2243 -- "[s]exual abuse of a minor or ward" -- as a "definition of that phrase." 581 U.S. at 394. But the Esquivel-Quintana Court looked to this title only as consistent "further evidence" of the conclusion it had already reached based on the text. Id.; see id. at 391-92. Here, Winczuk's title-based argument contradicts the plain text.

</div>

the 1996 amendments to § 2251, see Crime Control Act of 1990, 1 Pub. L. 101-647, tit. II, § 225(a), 104 Stat. 4789, 4798; see also Erlenbaugh, 409 U.S. at 244, and serves a distinct purpose. And Congress has elsewhere defined the term "exploitation" to have a much broader meaning. See Adam Walsh Act § 704; PROTECT Our Children Act of 2008 § 2.

We further reject Winczuk's argument that the 2006 Adam Walsh Act, which replaced the phrase "sexual exploitation of children" in the 25-year minimum with an enumerated list of state predicates but left the 35-year minimum unchanged, shows that Congress understood this phrase to have a narrow meaning.

Winczuk's argument rests on a false premise. He contends that the phrase "relating to the sexual exploitation of children" in the 35-year minimum cannot be read broadly, because then it would have the same meaning as the enumerated list of state predicates in the 25-year minimum. See Scalia & Garner, supra, at 170 ("[A] material variation in terms suggests a variation in meaning."); see also Salinas v. U.S. R.R. Ret. Bd., 141 S. Ct. 691, 698 (2021). Winczuk is wrong. A broad reading of "relating to the sexual exploitation of children" does not render this phrase coterminous with the enumerated list of state predicates in the 25-year minimum. To count as a state predicate for the 35-year minimum, an offense must "relat[e] to the sexual exploitation of children," whereas the 25-year minimum can also be triggered by

- 19 -

sexual abuse and aggravated sexual abuse offenses generally. 18 U.S.C. § 2251(e) (emphasis added). The different phrases have different meanings.

If anything, the presumption that different language indicates a different meaning cuts against Winczuk's position. Winczuk contends that "sexual exploitation of children" means the production of child pornography, but Congress explicitly recognized "the production . . . of child pornography" as a predicate offense for the 25-year minimum. Id. The fact that Congress clearly named this offense in the 25-year minimum weighs against giving different language in the 35-year minimum the same precise meaning. See Pavulak, 700 F.3d at 674-75.

Further, the effect of the 2006 Adam Walsh Act amendment was to broaden and not limit the mandatory minimum triggers. There was no effort to make the punishment equivalent for one prior conviction and two prior convictions. When the enumerated state predicates were added to the 25-year minimum, Congress at the same time defined "relating to the sexual exploitation of children" broadly for appropriations purposes. See Adam Walsh Act § 704. Congress is also presumed to know of prior judicial interpretations of this phrase. See Gonzales, 568 U.S. at 66. Winczuk's argument that Congress, aware of the broad construction previously given to this language, meant to narrow the statute while saying it was trying to expand its reach is simply untenable.

We agree with the Third Circuit that it is "implausible" that Congress in enacting the 2006 Adam Walsh Act amendment was materially limiting the state predicates for the 35-year minimum to the narrow category of production of child pornography. Pavulak, 700 F.3d at 675 (quoting Sanchez, 440 F. App'x at 440). The Fourth Circuit reached the same conclusion in Mills after analyzing, as we have done, the ordinary meaning of "sexual exploitation of children."  See 850 F.3d at 697-98.

Winczuk is again wrong in his attempt to invoke the rule of lenity.  That rule applies "only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the [c]ourt 'can make no more than a guess as to what Congress intended.'" Ocasio v. United States, 578 U.S. 282, 295 n.8 (2016) (quoting Muscarello v. United States, 524 U.S. 125, 138-39 (1998)).  This statute shows neither grievous ambiguity nor grievous uncertainty. Congress intended to punish dual recidivists with two prior state convictions more harshly than those with one prior conviction. That is what deterrence is about.  And Congress made clear its concern about the inadequacy of prior law to provide the needed deterrence.[7]

---

[7]    Winczuk's reliance on Esquivel-Quintana's reference to state criminal codes is also misplaced.  See 581 U.S. at 395-97. The clear text and the usual rules of statutory interpretation end the matter here.  See id. at 396 n.3.

**D.**

Winczuk does not dispute that his prior convictions count as predicates under the broader reading of "relating to the sexual exploitation of children" that we adopt today. Given this concession, we do not reach the parties' assumption that we should assess prior convictions for purposes of § 2251(e)'s sentencing enhancement using the categorical approach.

**III.**

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.