# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10412

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHERMAN MOORE,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-309-1

———————————————————

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

JERRY E. SMITH, Circuit Judge:

This case presents a pure question of statutory interpretation: What does the phrase "relating to the sexual exploitation of children" in 18 U.S.C. § 2251(e) mean? The statute in question, titled "Sexual exploitation of children," criminalizes offenses relating to child pornography. It then provides a mandatory sentencing enhancement for those who have two or more prior state convictions "relating to the sexual exploitation of children."

Sherman Moore has two state convictions for indecency with a child. The government contends that those convictions "clearly" relate "to the

sexual exploitation of children," so Moore should be subject to the enhancement. Moore counters that "sexual exploitation of children," in this context, applies only to offenses relating to child pornography, so his sentence is not subject to the enhancement.

We hold that 18 U.S.C. § 2251(e)'s use of the phrase "relating to the sexual exploitation of children" refers to any criminal sexual conduct involving children. Moore's convictions for indecency with a child neatly fall within that broad category, so we affirm the judgment of sentence.

I.

Sherman Moore pleaded guilty of indecency with a child under Texas Penal Code § 21.11(a)(2) in 1992 and was placed on deferred adjudication probation. He was convicted under the same statute in 1995 for a separate offense and sentenced to eight years in prison. After serving six years, he was placed on parole.

In 2021, Moore pleaded guilty of sexual exploitation of children under 18 U.S.C. § 2251(a). The presentence report ("PSR") did not include the sentencing enhancement, but the government requested it in an objection to the PSR. The government contended that Moore's two state convictions for indecency with a child made him subject to the enhancement. Over Moore's opposition, the district court agreed and sentenced Moore to 35 years' imprisonment.

Moore appeals, contending that his prior convictions are not convictions "relating to the sexual exploitation of children."

II.

Moore properly preserved the issue in the district court. Our review is thus *de novo*. *United States v. Hubbard*, 480 F.3d 341, 344 (5th Cir. 2007) ("We review the district court's interpretation of a federal statute, as well as

its determinations regarding a prior conviction, *de novo.*" (footnotes omitted)).

## III.

To determine whether a defendant's convictions under an indivisible state law qualify as "predicate offenses" under a federal statute, we "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'"[1] *Descamps v. United States,* 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). We then "line[] up that crime's elements alongside those of the generic offense and see[] if they match." *United States v. Mendez-Henriquez*, 847 F.3d 214, 218 (5th Cir. 2017) (quoting *Mathis v. United States*, 579 U.S. 500, 505 (2016)).

So to determine whether Moore is subject to § 2251(e)'s sentencing enhancement provision, we must first determine the conduct enumerated in the generic offense (convictions "relating to the sexual exploitation of children") and then decide whether the elements of the Texas indecency-with-a-child statute match.

## A.

We begin by untangling the meaning of "relating to the sexual exploitation of children." We chart our course by laying out the proverbial directions of the statutory-interpretation rubric.

Plain meaning is always the start. When interpreting statutory language, words are given their ordinary, plain meanings, and language must be

---

[1] The parties do not dispute that § 21.11(a)(2) of the Texas Penal Code is indivisible—it contains "a single . . . set of elements to define a single crime." *Mathis v. United States*, 579 U.S. 500, 504–05 (2016).

enforced unless ambiguous. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010). This court is "authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of Congress." *Kornman & Assocs., Inc. v. United States*, 527 F.3d 443, 451 (5th Cir. 2008).

But "[t]ext should never be divorced from context." *United States v. Koutsostamatis*, 956 F.3d 301, 306 (5th Cir. 2020). Depending on the phrase, context can mean both the immediate clause and "the broader context of the statute as a whole." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Statutory history, "the record of enacted changes Congress made to the relevant statutory text over time," can also provide helpful context. *BNSF Ry. Co. v. Loos*, 139 S. Ct. 893, 906 (2019) (Gorsuch, J., dissenting) (emphasis removed); *see also Thomas v. Reeves*, 961 F.3d 800, 817 n.45 (5th Cir. 2020) (en banc) (Willett, J., concurring).

If applicable, canons of construction can be used to resolve remaining ambiguity. *See generally Yates v. United States*, 574 U.S. 528 (2015). In very rare cases, we may look to legislative history, but "[o]nly after application of the principles of statutory construction, including the canons of construction." *Kornman*, 527 F.3d at 451 (quoting *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 518–19 (5th Cir. 2004)). Regardless, its use is generally discouraged in this circuit.[2]

If these tools can't get us out of stalemate, ties go to the runner—the

---

[2] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 428 (5th Cir. 2001) ("[L]egislative history is relegated to a secondary source behind the language of the statute in determining congressional intent; even in its secondary role legislative history must be used cautiously." (quoting *Boureslan v. Aramco*, 857 F.2d 1014, 1018 (5th Cir. 1988))); *see also Thomas*, 961 F.3d at 817 n.45 (Willett, J., concurring).

rule of lenity functions to resolve intractable ambiguity in a criminal defendant's favor. *United States v. Granderson*, 511 U.S. 39, 54 (1994).

That sorted, we turn to the text.

## B.

The title of 18 U.S.C. § 2251 is "Sexual exploitation of children." Subsections (a)–(d) prohibit various activities relating to child pornography.

Subsection (e) then provides two potential sentencing enhancements. First, a person is given a minimum of 25 years "if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."

Second, a person is given a minimum of 35 years "if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children."

This case turns on the meaning of "relating to the sexual exploitation of children" as used in the last clause of the two-conviction enhancement provision.

*Plain Meaning*

The phrase "relating to the sexual exploitation of children" is not defined in § 2251. *See also id.* § 2256 (applicable-definitions section). We thus begin by looking to the term's "plain meaning at the time of enactment." *Tanzin v. Tanvir*, 141 S. Ct. 486, 491 (2020).

We fail to see a plain meaning of the term in isolation.

The government provides us with dictionary definitions from a smattering of time periods: In 2019, Black's Law Dictionary defined "sexual exploitation" as "[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity,"[3] in 2007, one of Merriam-Webster's definitions of "exploit" was "to make use of meanly or unfairly for one's own advantage,"[4] and in 2010, one of the New Oxford American Dictionary's definitions of "exploit" was to "use (a situation or person) in an unfair or selfish way."[5] These definitions are too vague to define the term clearly for our purposes. And although dictionaries can help decide plain meaning, they can't resolve ambiguity on their own. *Yates*, 574 U.S. at 537. We need to look outside the phrase to decide what it means in context.

*Statutory Structure & Context*

Section 2251 has some unusual structural elements, but none that signifies a clear meaning of "relating to the sexual exploitation of children."

The government contends that because the other federal statutes referenced in the sentence-enhancement provisions ("chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice)") include offenses other than child pornography, "[i]t is implausible that Congress intended to include so many prior federal offenses, but chose to restrict qualifying state offenses to child pornography production." *See United States v. Sanchez*, 440 F. App'x 436, 440 (6th Cir. 2011). Perhaps.

---

[3] *Sexual exploitation*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[4] *Exploit*, MERRIAM-WEBSTER'S DICTIONARY (11th ed. 2007).

[5] *Exploit*, THE NEW OXFORD AMERICAN DICTIONARY (3d ed. 2010).

On the other hand, Moore points out that the one-conviction provision includes a federal predicate that the two-conviction provision does not: 18 U.S.C. § 1591, which criminalizes the "[s]ex trafficking of children or by force, fraud, or coercion." Moore claims that this discrepancy destroys any presumption of parallelism between the two provisions, and therefore, the government cannot be correct that the phrase "relating to the sexual exploitation of children" in the two-conviction provision means more than just child pornography.

But even if Moore is correct that this lack of parallelism was intentional, his conclusion does not follow. The claim that the state convictions included in the one-conviction provision (listing "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography") is not to be interpreted identically to the two-conviction provision ("relating to the sexual exploitation of children") might be true, but that does not necessarily mean that "relating to the sexual exploitation of children" includes only child pornography-related offenses. So the lack of parallelism also leads to a dead end.

The broader statutory context, however, proves more helpful.

Titles, when written by Congress,[6] can be a helpful tool for statutory interpretation. *See Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) ("[S]tatutory titles and section headings are 'tools available for the resolution of a doubt about the meaning of a statute.'" (quoting *Porter v. Nussle,* 534 U.S. 516, 528 (2002))). And here, the section that criminalizes

---

[6] This title was written by Congress. *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, sec. 2(a), 92 Stat. 7.

activities related to child pornography is titled "Sexual exploitation of children." That is a strong point in Moore's favor.

But the rest of the context goes the other way. The chapter in which the section appears is titled "Sexual exploitation and other abuse of children" and includes prohibitions against such things as failure to report child abuse. *See, e.g.*, 18 U.S.C. § 2258. Section 2251 is followed by § 2251A, titled "Selling or buying of children"; § 2252, titled "Certain activities relating to material involving the sexual exploitation of minors"; and § 2252A, titled "Certain activities relating to material constituting or containing child pornography." This hodgepodge of usage seems to evidence that Congress did not have a clear definition in mind for the term "sexual exploitation."

Further, the Adam Walsh Child Protection and Safety Act of 2006 ("CPSA"),[7] which amended § 2251(e), uses the phrase "child exploitation" in a broader sense than just child pornography. Section 701 of the act defines "child exploitation enterprise" (for the purposes of § 2252A) to include sexual abuse of a minor victim, and section 704, which relates to "additional prosecutors for offenses relating to the sexual exploitation of children," describes "offenses relating to the sexual exploitation of children" as including types of sexual abuse against a minor victim.

That context strongly suggests that the term refers to a broader swath of conduct than just child pornography. The section's enactment history confirms that interpretation.

The first version of the current § 2251 was enacted in 1978, and although it was titled "Sexual exploitation of children," the phrase "relating to the sexual exploitation of children" was not used in the original enhance-

---

[7] Pub. L. No. 109-248, 120 Stat. 587.

ment provision. Instead, an offender would be subject to an enhancement if he had "a prior conviction under this section."[8] The phrase in question was first used in 1996, when an amendment split the enhancement into two parts—one amount of enhancement for one prior conviction and a greater amount of enhancement for two prior convictions.[9] The wording for both enhancements was identical—if the relevant conviction was "under this chapter or chapter 109A, or under the laws of any State relating to the sexual exploitation of children," the offender was subject to the enhancement. *Id.*

After 1996, the sentencing-enhancement provisions were minorly amended several times to add more predicate enhancements, generally expanding the scope of what predicate convictions made an offender eligible for each enhancement. In 1998, chapter 117 was added,[10] and in 2003, chapter 71 and section 920 of title 10 (article 120 of the Uniform Code of Military Justice) were added.[11]

Then, as part of the CPSA, Congress amended the one-conviction enhancement by replacing the term "sexual exploitation of children" with "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."[12] The two-conviction enhancement was left the same—the

---

[8] Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, sec. 2(a), 92 Stat. 7.

[9] Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, sec. 121, 110 Stat. 3009.

[10] Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, sec. 201, 112 Stat. 2974.

[11] PROTECT Act, Pub. L. No. 108-21, sec. 507, 117 Stat. 650 (2003).

[12] Pub. L. No. 109-248, sec. 206(b)(1), 120 Stat. 587.

offender's sentence would be enhanced if he had "2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children."

There isn't a clear reason why Congress would have amended the predicate convictions for the one-conviction enhancement but not for the two-conviction enhancement; but the judicial understanding of the phrase at the time of the amendment confirms our understanding of the phrase as incorporating more than just convictions for offenses relating to child pornography.

Before the 2006 amendment, at least two circuits interpreted § 2251(e)'s use of the phrase "relating to the sexual exploitation of children" as including conduct beyond activities relating to child pornography. *See United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004); *United States v. Smith*, 367 F.3d 748, 751 (8th Cir. 2004) (per curiam). Yet when Congress amended § 2251(e) in 2006, it did not change its use of the phrase in the two-conviction provision. Though the 2006 amendment was not a full re-enactment, Congress's choice to amend part of 2251(e) but not all of it may be a sign of Congressional acquiescence in the existing judicial interpretation of the phrase.[13]

Considering the broader statutory context, the government is correct: The phrase "relating to the sexual exploitation of children," in this context,

---

[13] *See Lorillard v. Pons*, 434 U.S. 575, 580 (1978) ("Congress is presumed to be aware of a[] . . . judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." (collecting cases)); *see also* Caleb Nelson, Statutory Interpretation 478–85 (2011) (discussing the presumption of "ratification-by-reenactment" while noting its weaknesses).

easily encompasses a broader swath of conduct than just conduct relating to child pornography.[14]

## IV.

Having determined that the phrase "relating to the sexual exploitation of children" stretches beyond child pornography, we must define what conduct does fit within its scope. Moore does not provide a recommendation. The government stresses that we should adopt the term's "common, ordinary meaning," which is undoubtably true but not sufficiently helpful. For example, the government asks us to define the term as "taking advantage of children for selfish and sexual purposes." Later, it states that the term should mean "taking advantage of or using children for sexual purposes." Neither of these definitions is precise enough to be workable.

The circuits that have interpreted the phrase broadly have adopted a variety of definitions.[15] The Fourth Circuit defines it as "to take advantage of children for selfish and sexual purposes." *United States v. Mills*, 850 F.3d 693, 697 (4th Cir. 2017). The Sixth Circuit broadly states that it "evinces a Congressional intent to define [the phrase] to extend to child-sexual-abuse offenses as well as child-pornography-related offenses," *United States v. Sykes*, 65 F.4th 867, 889 (6th Cir. 2023), and the Third Circuit does not appear to have a working definition, *United States v. Pavulak*, 700 F.3d 651, 675 (3d Cir. 2012); *Randolph*, 364 F.3d at 122. The Eighth Circuit says that it refers to "any criminal sexual conduct with a child" because, "[b]y its very

---

[14] Because the phrase is unambiguous in context, we have no reason to reach legislative history or the rule of lenity.

[15] The only court of appeals to have adopted Moore's proposed definition is the Ninth Circuit. *See United States v. Schopp*, 938 F.3d 1053, 1062 (9th Cir. 2019) (concluding that the phrase "sexual exploitation of children" as used in § 2251(e) "means the production of child pornography"). For the reasons given, we reject that narrow construction.

nature, any criminal sexual conduct with a child takes advantage of, or exploits, a child sexually." *Smith*, 367 F.3d at 751. The First Circuit agrees, stating that it "unambiguously refers to any criminal sexual conduct involving children." *United States v. Winczuk*, 67 F.4th 11, 17 (1st Cir. 2023).

For several reasons, that last reading is the best fit.

First, it is a broad definition of the term, which seems proper because of the use of "relating to." The ordinary meaning of "relating to" is "broad" and means "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Hubbard*, 480 F.3d at 347–48 (quoting *Morales v. Trans World Airlines*, 504 U.S. 374, 383 (1992)); *see also Relate*, BLACK'S LAW DICTIONARY (5th ed. 1979). It thus makes sense to interpret the phrase "relating to the sexual exploitation of children" in a broad sense, such as any criminal sexual conduct involving children.

Second, it tracks persuasive authority. In *United States v. Ary*, 892 F.3d 787, 788 (5th Cir. 2018), this court described a broad list of crimes as "qualifying prior convictions for the sexual exploitation of children." The section at issue in *Ary*, 18 U.S.C. § 2252, is titled "Certain activities relating to material involving the sexual exploitation of minors," and § 2252(b)(1), similarly to § 2251(e)(1), increases the mandatory minimum sentence when "such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children." In *Ary*, we repeatedly summarized that list as "conviction[s] for sexual exploitation." 892 F.3d at 788, 789. *Ary*'s summary of

§ 2252(b)(1)'s predicate convictions does not bind our interpretation of § 2251(e), and its description of the relevant convictions as types of "sexual exploitation" is likely *dictum*, but the opinion does provide persuasive authority for adopting a definition of the phrase as broad as any criminal sexual conduct involving children.

Third, the definition we adopt is workable and contains limiting principles. Though broad enough to encompass a wide range of predicate convictions, "sexual" and "children" are bright-line terms that can provide easy guidance to lower courts and litigants alike.

## V.

Armed with the proper definition of "relating to the sexual exploitation of children," we return to Moore. His convictions are both under Texas Penal Code § 21.11(a)(2), which prohibits indecency with a child. The parties agree that the elements of the offense (at the time of Moore's convictions) were

> (1) that the child was within the protected age group [younger than seventeen] and not married to the accused,
>
> (2) that a child was present,
>
> (3) that the accused had the intent to arouse or gratify someone's sexual desire,
>
> (4) that the accused knew that a child was present, and
>
> (5) that the accused exposed his anus or genitals.

*Yanes v. State*, 149 S.W.3d 708, 710 (Tex. App.—Austin 2004, pet. ref'd) (alteration in original) (citing Tex. Penal Code Ann. § 21.11(a)(2) (West 2003)); *see also Uribe v. State*, 7 S.W.3d 294, 296–97 (Tex. App.—Austin 1999, pet. ref'd).

Such conduct is unequivocally criminal sexual conduct involving chil-

dren.  *Cf. United States v. Zavala-Sustaita*, 214 F.3d 601, 607 (5th Cir. 2000).
Moore was convicted under the statute twice.  The district court thus did not
err in applying the 35-year sentencing enhancement.

AFFIRMED.